UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| U.S. COMMODITY FUTURES TRADING COMMISSION, <br><br>  Plaintiff, <br><br> v. <br><br> PMC STRATEGY, LLC, MICHAEL HUDSPETH, and TIMOTHY BAILEY, <br><br>  Defendants. | CASE NO. 3:11cv73 |

# ORDER

### [PROPOSED STATUTORY RESTRAINING ORDER FREEZING ASSETS AND PRESERVING BOOKS AND RECORDS; ORDER GRANTING EXPEDITED DISCOVERY; ORDER REQUIRING DEFENDANTS TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION; AND OTHER EQUITABLE RELIEF UNDER THE COMMODITY EXCHANGE ACT, AS AMENDED]

This matter came before the Court for hearing on February 9, 2011, on plaintiff U.S. Commodity Futures Trading Commission's ("Commission") *Ex Parte* Emergency Motion for an *ex parte* Statutory Restraining Order Freezing Assets And Preserving Books And Records; Order Granting Expedited Discovery; Order Requiring Defendants To Show Cause Regarding Preliminary Injunction; and Other Equitable Relief Under The Commodity Exchange Act, As Amended ("Motion"). The Court, having considered the Motion and all other evidence presented by the Commission, and having heard the arguments of counsel for the Commission, finds that:

1

1. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to Section 6c of the Act, to be codified at 7 U.S.C. § 13a-1, and Section 2(c)(2) of the Act, as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act ("CRA"), §§ 13101-13204, 122 Stat. 1651, to be codified at 7 U.S.C. §§ 1 *et seq.* (effective June 18, 2008)).

2. Venue lies properly within this District pursuant to Section 6c(e) of the Act, to be codified at 7 U.S.C. § 13a-1(e).

3. There is good cause to believe that PMC Strategy, LLC ("PMC") and its principals and control persons, Michael Hudspeth ("Hudspeth") and Timothy Bailey ("Bailey") (hereinafter, collectively "Defendants") have engaged, are engaging, and are about to engage in acts and practices constituting violations of the Act, as amended by the CRA, to be codified at 7 U.S.C. §§ 1 *et seq.*, and Commission Regulations ("Regulations"), 17 C.F.R. §§ 1.1, *et seq.*

4. There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for pool participants in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendants of assets or records unless Defendants are immediately restrained and enjoined by Order of the Court.

5. Good cause exists for the freezing of assets owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants (hereinafter "Defendants' Assets").

6. Good cause exists for entry of an order prohibiting Defendants, their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants, including any successor thereof, from destroying books, records and other documents and/or denying agents of the Commission access to inspect and copy books, records and documents to ensure that

Commission representatives have immediate and complete access to those books, records and documents.

7. Good cause exists for the Commission to conduct expedited discovery in order to determine the full extent of Defendants' alleged wrongdoing, locate additional pool participants, identify pool participants' funds and Defendants' Assets, and clarify the source of various funds.

8. Weighing the equities and considering the Commission's likelihood of success in its claims for relief, the issuance of a Statutory Restraining Order is in the public interest.

## I. DEFINITIONS

For purposes of this Order, the following definitions apply:

9. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("FRCP") 34(a), and includes, but is not limited to, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

10. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, direct or indirect control, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, or option contracts), insurance policies, and all cash.

11. "Defendants" shall mean and refer to not only PMC, Hudspeth and Bailey, but also to any d/b/a; successor, affiliate, subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit of PMC, Hudspeth and Bailey.

## II.  Order Against Transfer, Dissipation, and Disposal of Assets

**IT IS HEREBY ORDERED that:**

12. Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with them, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, removing, or otherwise disposing of funds, securities, Defendants' Assets, or other property owned, controlled, or held (whether legally, equitably, or otherwise) by Defendants, wherever located, including funds, securities and Defendants' assets held outside the United States, except as provided in Section II of this Order, or as otherwise ordered by the Court. The assets affected by this paragraph shall include both existing assets and assets acquired after the effective date of this Order.

13. Defendants are restrained and enjoined from directly or indirectly opening or causing to be opened any safe deposit boxes titled in the name of or subject to access by Defendants.

14. All persons, including but not limited to Defendants and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with any Defendant, including any successor thereof, and any persons who receive actual notice of this Order by personal service or otherwise, are enjoined from in any way interfering with or in any way disturbing Defendants' Assets, engaging in any self-help, including set-offs, and from filing or prosecuting any

4

actions or proceedings which involve or which affect Defendants' Assets, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code, except with prior permission of this Court. Moreover, any such actions that are so authorized shall be filed in this Court.

### III.     Accounting and Transfer of Funds and Documents

**IT IS FURTHER ORDERED that** within five (5) business days following service of this Order, Defendants shall:

15.     Provide the Commission with a full detailed accounting of all domestically and foreign held funds, documents, and assets, including Defendants' Assets, inside and outside of the United States that are held by each and every Defendant, for their benefit, or under their direct or indirect control, whether jointly or singly;

16.     Transfer to the territory of the United States and to the possession, custody, and control of the Commission, all funds, documents, and assets, including Defendants' Assets (other than real property), located outside the United States that are held by each and every Defendant, for their benefit; or under their direct or indirect control, whether jointly or singly; and

17.     Provide the Commission access to all records of Defendants held by financial institutions located within or outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order.

### IV.     Directives to Financial Institutions and Others

**IT IS FURTHER ORDERED that**, pending further Order of this Court, that any financial or brokerage institution, business entity, or person that holds or has held, controls or has controlled, or maintains or has maintained custody of any account or any of Defendants' Assets, including, but

not limited to, accounts held in the name of New Life Christian Ministries, at any time since January 1, 2008, shall:

18. Prohibit Defendants, and all other persons from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling, or otherwise disposing of Defendants' Assets, except as directed by further Order of the Court;

19. Deny Defendants and all other persons access to each and every safe deposit box that is: (a) owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, whether in the name, alias, or fictitious "doing business as" name; or (b) otherwise subject to access by Defendants;

20. Provide representatives for the Commission, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every account or other asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants (as defined above), either individually or jointly; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendants, either individually or jointly, or is otherwise subject to access by Defendants; and

21. Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts,

deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V. Maintenance of Business Records

**IT IS FURTHER ORDERED that:**

22. Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants, including any successor thereof, and all other persons or entities who receive notice of this Order by personal service or otherwise, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, any of the books, records, documents, correspondence, brochures, manuals, electronically stored information, tape recordings, computer discs, or other property of Defendants, their subsidiaries or affiliates, wherever such materials may be situated, that refer or relate in any manner to any transaction or matter described in the complaint in this case.

## VI. Inspection and Copying of Books and Records

**IT IS FURTHER ORDERED that:**

23. Representatives of the Commission (accompanied by representatives of other federal or state authorities, if the Commission so desires) shall be immediately allowed to inspect the books, records, and other documents of Defendants and their agents, including, but not limited to, correspondence, brochures, manuals, electronically stored information, tape recordings, and computer discs, or other property of Defendants, wherever such materials may be situated, that refer or relate in any manner to any transaction or matter described in the complaint in this case and whether they are in the possession of Defendants, or others, and to copy said documents, information and records, either on or off the premises;

24. Defendants, including any subsidiaries and affiliates, and their officers, agents, servants, employees, and attorneys, within 24 hours of service of the Court's order, shall cause to be prepared and delivered to the Commission, a detailed and complete schedule of all passwords and identification (ID) numbers for all websites, electronic mail accounts, and videophone accounts;

25. Defendants, including any subsidiaries and affiliates, and their officers, agents, servants, employees and attorneys, within 24 hours of service of the Court's order, shall cause to be prepared and delivered to the Commission, a detailed and complete schedule of all accounts at any bank, financial institution, or brokerage firm (including any introducing broker or futures commission merchant) operated by or to which Defendants have access;

26. Defendants, including any subsidiaries and affiliates, and their officers, agents, servants, and employees and attorneys shall, within five (5) business days following service of this Order, cause to be prepared and delivered to the Commission, a detailed and complete schedule of all desktop computers, laptop computers, and/or personal digital assistants (PDA) owned and/or used by them and state whether such device is/was used by them in connection with their business, forex trading, or other investments. The schedules required by this section shall also include, at a minimum, the make, model, and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The Commission shall be authorized to make or have made an electronic, digital, or hard copy of all of the data contained on the computer(s) and/or PDA(s);

27. Representatives of the Commission (accompanied by representatives of other federal or state authorities, if the Commission so desires) are authorized to have continued access to inspect or copy any or all of the corporate books, records and other documents of Defendants, including any

subsidiaries and affiliates, and their officers, agents, servants, and employees, and continuing access to inspect their assets, funds, premises, collateral, books, records, or other property, wherever located; and

28. Defendants, and their agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendants, including any successor thereof, who receive actual notice of this Order by personal service or otherwise, including facsimile transmission, shall cooperate fully with the Commission to locate and provide to representatives of the Commission all assets, books, and records of Defendants, wherever such assets, books and records may be situated, and to locate and provide to representatives of the Commission information regarding the whereabouts of Defendants.

## VII. Order Granting Expedited Discovery

**IT IS HEREBY ORDERED that:**

29. The Commission may conduct expedited discovery, removing the prohibition upon discovery before the early meeting of counsel pursuant to FRCP 26(f), in accordance with FRCP 26(d), and that the Commission may take depositions of Defendants, and non-parties subject to two calendar days notice pursuant to FRCP 30(a) and 45, that notice may be given personally, by facsimile, or by electronic mail, and more than ten depositions may be taken.

30. The Commission may conduct expedited discovery to enable the Commission to fulfill its statutory duties and protect pool participants from further loss or damage. This expedited discovery will allow the Commission to determine the full extent of Defendants' alleged wrongdoing (including, but not limited to, the possible involvement of others), locate Defendants' other pool participants, identify pool participants' funds and other of Defendants' Assets, and clarify the sources of various funds.

## VIII. Order to Show Cause

**IT IS FURTHER ORDERED that:**

31. Defendants shall appear before this Court on the 17th day of February, 2011, at 2:00, P.m., before the Honorable Graham C. Mullen at the United States District Courthouse for the Western District of North Carolina, Room 212, 410 W. Trade St., Charlotte, NC 28202, to show cause, if there be any, why an Order for Preliminary Injunction should not be granted to prohibit further violations of the Act and why the other relief requested should not be granted pending trial on the merits of this action.

32. Should any party wish to file a memorandum of law or other papers in opposition to the Commission's Motion for a Preliminary Injunction, all papers shall be filed on or before 16 February, 20011 and served via facsimile or overnight delivery to the Commission's Washington D.C. office no later than 2:00 o'clock P.m. on 16 February, 20011. Any reply papers shall be filed with the Court and delivered to opposing counsel no later than 11:00 o'clock A.m. on February 17, 2011. Service of all papers shall be by electronic mail, facsimile, or personal service.

## IX. Service

**IT IS FURTHER ORDERED that:**

33. Copies of this Order may be served by any means, including facsimile transmission, upon any entity or person that may have possession, custody, or control of any documents or the Assets that may be subject to any provision of this Order, and, additionally, that Daniel C. Jordan, Eugenia Vroustouris, Michael Loconte, Erica Bodin, Richard Glaser, and representatives of the U.S. Marshal Service are specially appointed by the Court to effect service. Further, service of the Summons, Complaint, or other process may be effected by any Commission representative, any U.S.

10

Marshal or deputy U.S. Marshal, or in accordance with FRCP 4, and service on corporate entities may be effected by serving the Summons, Complaint, or other process via overnight delivery to the registered agent of said corporate entities.

## X. Bond Not Required of Plaintiff

**IT IS FURTHER ORDERED that:**

32. Plaintiff Commission is an agency of the United States of America and, accordingly, need not post a bond.

## XI. Force and Effect

**IT IS FURTHER ORDERED that:**

33. This Order shall remain in full force and effect until further order of this Court and that this Court retains jurisdiction of this matter for all purposes.

**IT IS SO ORDERED**, at Charlotte, North Carolina on the 9th day of February, 2011 at 10 30 a.m.

_____
UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NORTH CAROLINA

11

## CONSENT TO RELEASE OF FINANCIAL RECORDS

I, _____, a resident of _____, do hereby direct any bank, trust, or other financial company, as well as any of its officers, employees, and agents, at which I have or had a bank account or other financial account of any kind operated under my name or any other name (including any corporation or other entity) for which I am or was authorized to draw on the account, to disclose all information and deliver copies of all documents of every nature in the bank, trust, or other financial company's possession or control which relate to said bank or other financial accounts to any attorney or investigator of the U.S. Commodity Futures Trading Commission, and to give evidence relevant thereto, in the matter of *U.S. Commodity Futures Trading Commission v. PMC Strategy, LLC, et al.*, Case No. _____, now pending before the United States District Court for the Western District of North Carolina, and this shall be irrevocable authority for so doing. This direction is intended to apply to not only the laws of the United States, but also to the law of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts or other financial accounts for which I may be a relevant principal.

Dated:_____          _____
                                                Signature